1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   VICTOR ALEJANDRO FERNANDEZ,              Case No.:  21-cv-899-GPC
                                                         14-cr-00277-GPC-2
12                               Petitioner,

13   v.                                       **ORDER DENYING PETITIONER'S
                                              MOTION TO VACATE, SET ASIDE,
14   UNITED STATES OF AMERICA,                OR CORRECT SENTENCE
                                              PURSUANT TO 28 U.S.C. § 2255 AS
15                               Respondent.  TIME BARRED AND DENYING
                                              CERTIFICATE OF
16                                            APPEALABILITY**

17

18                                            **[ECF No. 322.]**

19

20          On May 11, 2021, Petitioner Victor Alejandro Fernandez ("Petitioner"),

21   proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28

22   U.S.C. § 2255 ("Section 2255 Petition") alleging ineffective assistance of counsel.  (ECF

23   No. 322.)  Petitioner also seeks the appointment of counsel.  (*Id.*)  The United States of

24   America ("Respondent") filed an opposition.  (ECF No. 325.)  Petitioner did not file a

25   reply.  For the reasons discussed in detail below, the Court DENIES Petitioner's Section

26   2255 Petition.

27                                            1

28

1

## BACKGROUND

2      On February 6, 2014, Petitioner was indicted on Count 1, Conspiracy to Commit

3  Wire Fraud in violation of 18 U.S.C. § 1349, and Count 2, Computer Hacking in

4  violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(a).  (ECF No. 3, Indictment.)  The

5  indictment alleged Petitioner and a co- defendant conspired to obtain, share, and use

6  login credentials to access a mortgage company's electronic customer records, steal

7  customers' personal information without authorization in order to defraud merchants and

8  financial institutions for their private gain.  (ECF No. 3, Indictment ¶ 7.)  On Count 2, the

9  indictment alleged that Petitioner knowingly and with intent to defraud accessed a

10  protected computer without authorization and obtained the personal identification

11  information of the mortgage company's customers.  (*Id*. ¶ 8.)

12      On July 2, 2014, a superseding indictment was filed adding another defendant and

13  charging Petitioner with Counts 3, 4, and 5 for Aggravated Identity Theft of three

14  identified victims, predicated on Count 1 in violation of 18 U.S.C. § 1028A.  (ECF No.

15  35 at 3-6.[1])  Then, on May 6, 2015, in a second superseding indictment, another

16  defendant was added as a defendant to Counts 1 and 2.  (ECF No. 83 at 2.)  On May 19,

17  2016, after an evidentiary hearing, the Court denied Petitioner's motion to suppress

18  statements.  (ECF No. 158.)

19      On June 6, 2017, Petitioner plead guilty to three of the five counts in the second

20  superseding indictment: Count 1 for Conspiracy to Commit Wire Fraud in violation of 18

21  U.S.C. § 1349; Count 2 for Computer Hacking in violation of 18 U.S.C. §§ 1030(a)(4)

22  and 1030(c)(3)(A); and Count 5 for Aggravated Identity Theft in violation of 18 U.S.C. §

23  1024A.  (ECF No. 185; ECF No. 187 at 3.)  Under the Plea Agreement, Petitioner waived

24

25

26  [1] Page numbers are based on the CM/ECF pagination

27

28

21-cv-899-GPC
14-cr-00277-GPC-2

1   his right to appeal or to collaterally attack the conviction or sentence, except a post-

2   conviction collateral attack based on a claim of ineffective assistance of counsel.  (ECF

3   187 at 13.)  In exchange for Petitioner's guilty plea, Respondent agreed to dismiss Counts

4   3 and 4 for Aggravated Identity Theft under 18 U.S.C. § 1024A.  (*Id.* at 2.)  On January

5   19, 2018, Petitioner was sentenced to 105 months of custody on Count 1, 60 months of

6   custody on Count 2 to run concurrently with Count 1, and 24 months of custody on Count

7   5 to run consecutively to Count 1, for a total sentence of 129 months imprisonment and

8   five years of supervised release.  (ECF No. 264 at 2.)

9           On October 29, 2018, Petitioner filed a notice of appeal with the Court of Appeals

10  for the Ninth Circuit.  (ECF No. 280.)  While the case was on appeal, on November 29,

11  2018, Petitioner filed a Section 2255 Petition.  (ECF No. 285.)  After full briefing by the

12  parties, on February 5, 2019, the Court denied and dismissed the Section 2255 Petition

13  due to the pending appeal.  (ECF Nos. 287, 288, 290.)  On February 26, 2019, the Ninth

14  Circuit dismissed Petitioner's appeal as untimely and noted Petitioner was not foreclosed

15  from filing a second Section 2255 Petition for ineffective assistance of counsel.  (ECF

16  No. 291.)

17          On February 8, 2021, Petitioner filed a motion to reduce sentence.  (ECF No. 297.)

18  After full briefing, the Court granted Petitioner's motion.  (ECF Nos. 300, 302, 317).  On

19  April 2, 2021, Petitioner was released from imprisonment under an amended judgment

20  sentencing him to time served and supervised release for five years.  (ECF Nos. 319,

21  320.)

22          On May 11, 2021, Petitioner filed the instant petition under 28 U.S.C. § 2255

23  alleging ineffective assistance of counsel.  (ECF No. 322.)  First, he argues that defense

24  counsel improperly advised him that he would be subject to two-year consecutive

25  sentences for each of the three Aggravated Identity Theft counts, for a total of six years,

26  which induced him to plead guilty.  (*Id.* at 3.)  Second, Petitioner argues that defense

27                                                           3

28

1  counsel ignored his request to file an appeal.  (*Id.* at 4.)  On June 4, 2021, Respondent

2  filed a response arguing that the Section 2255 Petition is time-barred and also that his

3  claims fail on the merits.  (ECF No. 325.)  Petitioner did not file a reply.

**DISCUSSION**

5  **A.**    **Legal Standard for 28 U.S.C. § 2255**

6         Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence"

7  of a federal prisoner on "the ground that the sentence was imposed in violation of the

8  Constitution or laws of the United States, or that the court was without jurisdiction to

9  impose such sentence, or that the sentence was in excess of the maximum authorized

10  by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To warrant

11  relief under Section 2255, a prisoner must allege a constitutional or jurisdictional error,

12  or a "fundamental defect which inherently results in a complete miscarriage of justice

13  [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United*

14  *States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S.

15  424, 428 (1962)).

16  **B.**    **Statute of Limitations**

17         A petition under Section 2255 must be filed within one year of the latest of:

18         (1) the date on which the judgment of the conviction becomes final;
       (2) the date on which the impediment to making a motion created by
19     governmental action in violation of the Constitution or laws of the United
       States is removed, if the movant was prevented from making a motion by such
20     governmental action;
21         (3) the date on which the right asserted was initially recognized by the
       Supreme Court, if that right has been newly recognized by the Supreme Court
22     and made retroactively applicable to cases on collateral review; or
23         (4) the date on which the facts supporting the claim or claims presented could
       have been discovered through the exercise of due diligence.
24

25

26

27                                              4

28

1    28 U.S.C. § 2255(f).  Generally, the one-year statute of limitation runs on "the date on

2    which the judgment of the conviction becomes final." *Id.* § 2255(f)(1).  "Finality attaches

3    when [the Supreme Court] affirms a conviction on the merits on direct review or denies a

4    petition for a writ of certiorari, or when the time for filing a certiorari petition expires."

5    *Clay v. United States*, 537 U.S. 522, 527 (2003).  Here, the Ninth Circuit dismissed his

6    appeal on February 26, 2019.  (ECF No. 291.)  The time for filing a petition for writ of

7    certiorari expired on May 27, 2019, ninety days after the entry of the Ninth Circuit's ruling.

8    *See* 28 U.S.C. § 2101(c).  Therefore, the statute of limitations expired on May 28, 2020,

9    one year later.  Because the petition was filed on May 11, 2021, almost a year later, his

10   petition is untimely under § 2255(f)(1).  On this provision, Petitioner does not argue

11   otherwise.

12         Instead, Petitioner argues his petition is timely under § 2255(f)(4) asserting that (1)

13   he only recently discovered his counsel's misrepresentations that he would be sentenced

14   to consecutive two-year terms for each of the three counts of Aggravated Identity Theft,

15   and (2) his lack of awareness that the Ninth Circuit dismissed his appeal.  (ECF No. 322

16   at 5.)  On the first argument, Respondent contends that Petitioner merely discovered a

17   new legal theory and not new factual predicates supporting his claims.  (ECF No. 325 at

18   11-12.)  On the second argument, Respondent responds that if Petitioner had exercised

19   due diligence, he would have timely learned of the Ninth Circuit's dismissal of his

20   appeal.  (*Id.* at 10.)

21         Under § 2255(f)(4), "[t]he clock runs from 'the date on which the [supporting] facts

22   . . . could have been discovered through . . . due diligence.'"  *Walker v. Martin,* 562 U.S.

23   307, 308 (2011) (quoting 28 U.S.C. § 2255(f)(4)).  "Time begins when the prisoner knows

24   (or through diligence could discover) the important facts, not when the prisoner recognizes

25   their legal significance."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)

26   (*quoting Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also United States v.*

27                                                           5

28

1   *Cazarez-Santos*, 66 F. Supp. 3d 1301, 1305 (S.D. Cal. 2014), *aff'd* 655 F. App'x 543 (9th

2   Cir. 2016) (finding that Petitioner in a § 2255 claim knew "[b]y no later than the date that

3   he pleaded guilty . . . the facts underlying his claim" and "[t]hat he may not have realized

4   the legal significance of those facts until later makes no difference."); *United States v.*

5   *Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of [a § 2255(f)(4) claim],

6   '[t]ime begins when the [Petitioner] knows (or through diligence could discover) the

7   important facts, not when the [Petitioner] recognizes their legal significance.'"); *United*

8   *States v. Solis–Sanchez*, No. 2:12–cr–0079 MCE AC P, 2017 WL 1166153, at *2 (E.D.

9   Cal. Mar. 29, 2017) (same); *United States v. Li*, No. 5:09 cr177-EJD-1, 2013 WL 6140860

10  at *3 (N.D. Cal. Nov. 21, 2013) ("[t]he only change was her discovery of her attorney's

11  alleged ineffectiveness at the time of the plea, which is merely the legal significance of the

12  facts already known."). To obtain the factual predicate for a habeas claim based on

13  ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise

14  of due diligence could have discovered) facts suggesting both unreasonable performance

15  *and* resulting prejudice." *Hasan,* 254 F.3d at 1154 (applying 28 U.S.C. § 2244(d)(1)(D)[2])

16  (emphasis in original).

17      In his petition, Petitioner does not explain how and when he learned that his defense

18  counsel's sentencing advisement was allegedly ineffective. (*See* ECF No. 322 at 5.)

19  Nevertheless, at the time of his plea, Petitioner knew the predicate fact that defense counsel

20  informed him that he would be subject to consecutive two-year terms of imprisonment for

21  each of his three counts of Aggravated Identity Theft. He subsequently plead guilty to one

22

23

---

24  [2] *Hasan* addressed due diligence under 28 U.S.C. § 2244(d)(1)(D), a provision for state prisoners, which
    is the counterpart to § 2255(f)(4), a provision for federal prisoners, and courts have recognized the
25  similarities of both provisions. *Walker v. Martin,* 562 U.S. 307, 318 (2011) (noting similarity between §
    2255(f)(4) and § 2244(d)(1)(D)); *see also United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000)
26  (statute of limitations period for § 2254 petitions and § 2255 motions is not treated differently).

27                                              6

28                                                                        21-cv-899-GPC
                                                                          14-cr-00277-GPC-2

1  count of Aggravated Identity Theft.  The fact that he only recently discovered that his

2  attorney's advice was allegedly wrong is not a new "fact" that he could not have discovered

3  earlier with due diligence.  Petitioner merely learned the legal significance of these facts

4  and did not discover new facts that he did not know about at the time of his conviction.

5  *See Gomez-Lopez v. United States*, Nos. CV–14–0435–PHX–FJM (JFM), CR–12–0596–

6  PHX–FJM, 2014 WL 4639517, at *2 (D. Az. Sept. 16, 2014) ("Petitioner's "discovery"

7  that his lawyer's advice was wrong is not a new "fact" that he could not have discovered

8  earlier. Rather, he merely learned of the legal significance of the alleged facts that already

9  existed at the time of his conviction.").

10       In addition, Petitioner's argument that his attorney misrepresented his sentencing

11  options is not legally supported.  (*See* ECF No. 322 at 5-7.)  According to Petitioner,

12  because 18 U.S.C. § 1028A is modeled on 18 U.S.C. § 924(c)(1)(a), where the Ninth

13  Circuit found in *United States v. Smith*, 924 F.2d 889, 894 (9th Cir. 1991) that multiple

14  counts for the same predicate offense to be unconstitutional in violation of the Double

15  Jeopardy Clause, Petitioner argues the same rule applies to his three counts under 18

16  U.S.C. § 1028A.  (*Id.* at 6.)   Petitioner claims that his attorney incorrectly told him that

17  he would be subject to two-year consecutive sentences for each of the three counts of

18  Aggravated Identity Theft which prompted him to plead guilty but should have told him

19  that he would have received a concurrent sentence.

20       However, Petitioner has not provided any legal authority that the ruling in *Smith*

21  concerning 18 U.S.C. § 924(c)(1)(a), also applies for charging multiple counts under 18

22  U.S.C. § 1028A.  In fact, "'[a]ggravated identity theft' imposes a mandatory consecutive

23  2–year prison term upon individuals convicted of certain other crimes if, during (or in

24  relation to) the commission of those other crimes, the offender 'knowingly transfers,

25  possesses, or uses, without lawful authority, a means of identification of another person.'

26  *Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009) (quoting 18 U.S.C. §

27                                            7

28

1   1028A(a)(1) (emphasis omitted)).  18 U.S.C. § 1028A expressly provides for a two-year

2   consecutive term for each conviction; however, the court may exercise its discretion to

3   run multiple terms concurrently, in whole or in part, as long as it considers the guidelines

4   and policy statements of the Sentencing Commission.  18 U.S.C. § 1028A(b)(4).

5   Moreover, the Ninth Circuit has affirmed district courts' consecutive sentencing under §

6   1028A.  *See United States v. Hung Quoc Bui*, 500 Fed. App'x 658, 660 (9th Cir. 2012)

7   (imposing consecutive prison terms on two aggravated identity theft counts was

8   appropriate); *United States v. Egu,* 379 Fed. App'x 605, 608 (9th Cir. 2010) ("the court

9   did not abuse its discretion by running Defendant's two § 1028 A sentences

10  consecutively.").

11      Therefore, not only is Petitioner's argument concerning defense counsel's allegedly

12  deficient performance is without merit but he has failed to provide newly discovered facts

13  that make his petition timely under § 2255(f)(4).

14      Next, Petitioner asserts his petition is timely under § 2255(f)(4) because he "had not

15  been made aware of the Ninth Circuit's decision dismissing his appeal based on the late

16  notice." (ECF No. 322 at 5.)  Respondent argues that Petitioner knew or could have known

17  through reasonable diligence that the Ninth Circuit dismissed his appeal in February 2019.

18  (ECF No. 325 at 10-11.)  The Court agrees with Respondent.

19      Petitioner does not explain how and when he learned about the Ninth Circuit's

20  dismissal and does not explain any due diligence he engaged in trying to determine if the

21  Ninth Circuit had ruled on his appeal.  As to the Ninth Circuit's dismissal, "[w]here one

22  'discovers' a fact that one has helped to generate … whether it be the result of a court

23  proceeding or of some other process begun at the petitioner's behest, it does not strain

24  logic to treat required diligence in the 'discovery' of that fact as entailing diligence in the

25  steps necessary for the existence of that fact." *Johnson v. United States*, 544 U.S. 295,

26  298, 310 (2005) ("We hold that the period begins when a petitioner receives notice of the

27

28

1    order vacating the prior conviction, provided that he has sought it with due diligence in

2    state court, after entry of judgment in the federal case with the enhanced sentence.").

3         First, learning when the Ninth Circuit ruled on his appeal is not a fact "supporting

4    the claim or claims presented." *See* 28 U.S.C. § 2255(f)(4).  Second, Petitioner is

5    familiar with filing documents with the courts and responding to court orders and by

6    engaging in simple diligence of inquiring about the Ninth Circuit docket in his case,

7    Petitioner could have learned, within the statute of limitations, that his appeal had been

8    dismissed in February 2019.  Accordingly, Petitioner has failed to demonstrate his

9    petition is timely and the Court DENIES the Section 2255 Petition as time barred.

10   **C.     Certificate of Appealability**

11        To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a

12   certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).  A district court may issue a

13   certificate of appealability "only if the applicant has made a substantial showing of the

14   denial of a constitutional right."  *Id.* § 2253(c)(2).  To satisfy this standard, the petitioner

15   must show that "reasonable jurists would find the district court's assessment of the

16   constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

17        In this case, the Court finds that Petitioner has not made the necessary showing and

18   finds that reasonable jurists would not find this Court's dismissal of the petition

19   debatable.  Thus, the Court DENIES a certificate of appealability.

20                              **Conclusion**

21        Based on the reasoning above, the Court DENIES the petition for writ of habeas

22   corpus under 28 U.S.C. § 2255 at time barred.  The Court also DENIES Petitioner's

23   / / /

24   / / /

25   / / /

26

27                                    9

28

1   request for appointment of counsel as moot.  The Clerk of Court shall enter judgment

2   accordingly.

3       **IT IS SO ORDERED.**

4   Dated:  September 2, 2021

5                                                   Hon. Gonzalo P. Curiel

6                                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-899-GPC
14-cr-00277-GPC-2